BENJAMIN B. WAGNER
United States Attorney
HEATHER MARDEL JONES
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000  Telephone
(559) 497-4099  Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:10-CV-01486-AWI-GSA |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| REAL PROPERTY LOCATED AT 1904 LEE STREET, ALEXANDRIA, LOUISIANA, RAPIDES PARISH, APN: 24-0389-35143-000101, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| REAL PROPERTY LOCATED AT 1740 MONROE STREET, ALEXANDRIA, LOUISIANA, RAPIDES PARISH, APN: 24-039-35186-000202, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendants. | |

Pursuant to the Waiver, Consent, and Stipulation, the Court finds:

1. This is a civil forfeiture action against defendants real property located at 1904 Lee Street, Alexandria, Louisiana, Rapides Parish, APN: 24-0389-35143-000101, including any right, title, and interest in the whole of any lot or tract of land any appurtenances or improvements thereon, and 1740 Monroe Street, Alexandria, Louisiana, Rapides Parish, APN: 24-039-35186-000202, including any right, title, and interest in the whole of any lot or

tract of land any appurtenances or improvements thereon (hereafter collectively "defendant real properties").

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on August 17, 2010, alleging that said defendant properties are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), and 18 U.S.C. § 981(a)(1)(C).

3. Beginning on August 31, 2010, for at least 30 consecutive days, the United States published notice of this action on the official government forfeiture site www.forfeiture.gov.

4. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a. Millenium 1, LLC
    b. Edwan Dablan
    c. Ahlam S. Ibrahim
    d. Hamed Ibrahim
    e. Anthony P. Capozzi, attorney

5. On September 26, 2011, Edwan Dablan filed a claim on behalf of Millenium 1, LLC. No answer was filed[1]. To date, no other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

6. As part of their plea in the related criminal case of United States v. Edwan Dablan, et al., 1:10-CR-00173-AWI-SKO, defendants Edwan Dablan, Khamal Dablan, and Manuel Vasquez, executed a Waiver, Consent, and Stipulation to the forfeiture of their right, title, and interest of the defendant real properties, subject to the terms set

---

[1] Prior to the deadline upon which to file an answer, the instant matter was stayed pending resolution of the related criminal action, United States v. Edwan Dablan, et al., 1:10-CR-00173-AWI-SKO.

forth below.  In addition, claimants Millenium 1, Inc., Sadeddeen Dablan, Horieh Jordanan Khalid Dablan, Nasry Khalid Dablan, Nabila Dablan, and potential claimants Amira Fattah, Ahlam S. Ibrahim, and Hamed Ibrahim have executed the same Waiver, Consent, and Stipulation.

7. On May 2, 2013, the United States received cashier's checks in the total amount of $110,000.00 which represents the substitute res in lieu of the real property located at 1904 Lee Street, Alexandria, Louisiana, Rapides Parish, APN: 24-0389-35143-000101.  A Notice of Withdrawal of Lis Pendens was recorded on May 13, 2013.

8. In accordance with the Waiver, Consent and Stipulation and the Stipulation and Application for Preliminary Order of Forfeiture filed in the related criminal case, the substitute res was to be received by the United States on or before the date of defendant Edwan Dablan's sentencing, which occurred on May 13, 2013.  No other substitute res, except for that as enumerated in paragraph 7 above, has been paid.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Waiver, Consent, and Stipulation entered into by and between the parties to this action.

2. That judgment is hereby entered against Edwan Dablan, Millenium 1, Inc., Hana Sadeddeen Dablan, Horieh Jordanan Khalid Dablan, Amira Fattah, Ahlam S. Ibrahim, Hamed Ibrahim, Nasry Khalid Dablan, Nabila Dablan, Khamal Dablan, and all other potential claimants.

3. Upon entry of a Final Judgment of Forfeiture herein, the defendant real property located at 1740 Monroe Street, Alexandria, Louisiana, Rapides Parish, APN: 24-039-35186-000202, more particularly described as:

IN RE THE FORFEITURE OF 1740 MONROE STREET, ALEXANDRIA, LOUISIANA, MORE DESCRIBED AS:

ALL THAT CERTAIN PARCEL OF LAND SITUATED IN CITY OF ALEXANDRIA, PARISH OF RAPIDES, STATE OF LOUISIANA BEING KNOWN AS A CERTAIN PIECE, PARCEL OR TRACT OF LAND, TOGETHER WITH ALL BUILDINGS AND IMPROVEMENTS LOCATED THEREON AND ALL RIGHTS, WAYS AND PRIVILEGES THEREUNTO APPERTAINING OR BELONGING, BEING, LYING AND SITUATED IN

THE CITY OF ALEXANDRIA, RAPIDES PARISH, LOUISIANA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT 212 FEET FROM THE INTERSECTION OF THE SOUTHWESTERN RIGHT-OF-WAY LINE OF BOLTON AVENUE AND THE NORTHEASTERN RIGHT-OF-WAY LINE OF MONROE STREET; THENCE IN

SOUTHWESTERLY DIRECTION ALONG SAID RIGHT-OF-WAY LINE OF MONROE STREET, CONTINUE A DISTANCE OF 66 FEET TO A POINT; THENCE AT AN ANGLE OF 20 DEGREES 35 MINUTES TO THE RIGHT PROCEED A DISTANCE OF 73 FEET TO A POINT; THENCE AT AN ANGLE OF 90 DEGREES TO THE RIGHT PROCEED A DISTANCE OF 136.33 FEET TO A POINT; THENCE AT AN ANGLE OF 90 DEGREES TO THE RIGHT PROCEED A DISTANCE OF 41.5 FEET; THENCE IN A SOUTHEASTERLY DIRECTION PROCEED 14.8 FEET TO A POINT; THENCE IN A NORTHEASTERLY DIRECTION PROCEED 52.5 FEET TO A POINT; THENCE IN A SOUTHEASTERLY DIRECTION PROCEED 123.74 FEET TO THE POINT OF BEGINNING.  ALL IN ACCORDANCE WITH A PLAT OF SURVEY BY DANIEL D. SANDEFUR, DATED MAY 12, 1972, A COPY OF WHICH MAY BE

FOUND IN CONVEYANCE BOOK 1113, PAGE 799 OF THE RECORDS OF RAPIDES PARISH, LOUISIANA, AND BEING MORE FULLY DESCRIBED IN DEED BOOK 1791 PAGE 54 RECORDED ON 07/27/2007 AMONG THE LAND RECORDS OF RAPIDES COUNTY, LA.

BEING THE SAME PROPERTY CONVEYED TO MILLENIUM 1, LLC BY DEED FROM ABDENASAR ABDER ABADALLAH DATED 07/26/2007, recorded 07/27/2007, DEED BOOK 1791 PAGE 54.

PARCEL ID NUMBER: 2403935186000202

shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law.

    4.    Upon entry of a Final Judgment of Forfeiture herein, the $110,000.00 sub res in lieu of the real property located at 1904 Lee Street, Alexandria, Louisiana, Rapides Parish, APN: 24-0389-35143-000101, including any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to be disposed of according to law.

    5.    That the United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant real properties.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive

the provisions of California Civil Code § 1542.

6. That pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on August 17, 2010, the Court finds that there was probable cause for arrest and seizure of the defendant real properties, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

7. That according to the stipulation of the parties and pursuant to 28 U.S.C. § 2465, Claimants did not substantially prevail in this action, and all parties are to bear their own costs and attorney's fees.

8. The U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

### CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed August 17, 2010, and the Waiver, Consent, and Stipulation filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the defendant properties, and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED.

Dated:   August 6, 2013                    _____
                                            SENIOR DISTRICT JUDGE